CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**Gary A Plotkin**, in individual and representative capacity as trustees of The Plotkin Family Trust dated March 11, 1981;<br>**Steven J. Fishman**, in individual and representative capacity as trustee of the Non-Exempt Q TIP Marital Trust under the Baron Trust of 1988;<br>**Bodega Latina Corporation**, a Delaware Corporation; and **Does 1-10,**<br><br>     **Defendants.** | **Case No**. 2:18-CV-01240-FMO-JEM<br><br>**Memorandum of Points and Authorities in Support of Plaintiff's Motion to Reopen Case** |

**I.   Preliminary statement**

This case provisionally settled on August 10, 2018. A joint notice of settlement was filed on November 27, 2018. Because of this notice, the court issued a minute order on November 28, 2018, the Court issued the Order

1

dismissing this action without prejudice, subject to either party reopening the action on or before January 12, 2019. For the past four months, and despite best efforts by the Plaintiff, the Defendants have failed to consummate the settlement. Thus, plaintiff moves this court to reopen the case and return it to the active calendar.

## II.    Relevant facts

On August 10, 2018, the parties settled the case.[1] Specifically, in a series of phone calls and email exchanges that took place on August 10th, and 11th of 2018, the parties agreed on the essential settlement terms, i.e., the scope and timing of the remedial relief and the monetary settlement amount.[2] On August 10th, the parties filed a notice of settlement.[3] Because of this notice, the court then issued an Order dismissing this action without prejudice, subject to either party reopening the action on or before January 12, 2019.[4] As outlined in the declaration of Ms. Grace submitted with this brief, the following is the chronology of plaintiffs' efforts to get this settlement consummated:

- Within three days of the parties reaching a settlement on essential terms, plaintiff prepared a draft settlement agreement and it was emailed to defense counsel, Robert Francis Donohue at rdonohue@wfbm.com.[5]

---

[1] (Dec of Price), p. 2, lines 3-4.
[2] (Dec of Price), p. 2, lines 5-8.
[3] *See* Docket Entry 25.
[4] *See* Docket Entry 26.
[5] Exhibit 1 (Dec of Price), p. 2, lines 9-12.

2

- Not receiving any response, plaintiff followed up on the settlement documents by email to defense counsel Robert Francis Donohue at rdonohue@wfbm.com. [6]
- On November 13, 2018, plaintiff sent the final version of the settlement agreement executed by the plaintiff by email to defense counsel Christopher M. McDonald at cmcdonald@wfbm.com. [7]
- On November 27, 2018, plaintiff followed up by calling defense counsel Robert Francis Donohue at (714)634-2522. Robert Francis Donohue told our office he was not handling payment and to call defense counsel Christopher M. McDonald. [8]
- On November 27, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [9]
- On November 28, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [10]
- On December 3, 2018, plaintiff sent an email to defense counsel Christopher M. McDonald at cmcdonald@wfbm.com. [11]

---

[6] Exhibit 2 (Dec of Price), p. 2, lines 13-16.
[7] Exhibit 3 (Dec of Price), p. 2, lines 17-20.
[8] (Dec of Price), p. 2, lines 21-24.
[9] (Dec of Price), p. 2, lines 25-26.
[10] (Dec of Price), p. 2, lines 27-28.
[11] Exhibit 4 (Dec of Price), p. 3, lines 1-3.

- On December 7, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [12]
- On December 10, 2018, plaintiff emailed defense counsel Christopher M. McDonald at cmcdonald@wfbm.com. [13]
- On December 13, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [14]
- On December 17, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [15]
- On December 27, 2018, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail and then sent email to defense counsel Christopher M. McDonald at cmcdonald@wfbm.com. [16]
- On January 8, 2019, plaintiff called defense counsel Christopher M. McDonald at (714)634-2522 and left a voicemail. [17]
- On January 9, 2019, plaintiff sent an email to defense counsel Christopher M. McDonald at cmcdonald@wfbm.com. [18]

---

[12] (Dec of Price), p. 3, lines 4-5.
[13] Exhibit 5 (Dec of Price), p. 3, lines 6-8.
[14] (Dec of Price), p. 3, lines 9-10.
[15] (Dec of Price), p. 3, lines 11-12.
[16] Exhibit 6 (Dec of Price), p. 3, lines 13-17.
[17] (Dec of Price), p. 3, lines 18-19.
[18] Exhibit 7 (Dec of Price), p. 3, lines 20-22.

Unable to consummate the settlement, plaintiff now moves the court for relief.

### III. Legal principles and argument

When this court dismissed the case, subject to reopening for good cause, it was exercising its inherent power to manage its affairs "so as to achieve the orderly and expeditious disposition of cases."[19] Consistent with this power, of course, is the fact that the court has "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[20] Thus, this court has the authority to set aside the dismissal and return the case to the active calendar.

Additionally, Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just'" when the parties are faced with "extraordinary circumstances."[21] The Ninth Circuit has held that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."[22] Although Rule 60(b)(6) does not empower a Court to enforce a settlement agreement, it does allow a Court to reopen a dismissed case.[23] A court should be liberal in granting a Rule 60(b)(6) motion where there has not yet been a ruling on the merits of

---

[19] *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016).
[20] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001)
[21] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).
[22] *Keeling v. Sheet Metal Workers International Association*, 937 F.2d 408, 410 (9th Cir. 1991).
[23] *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).

the case.[24] Rule 60(b)(6) is intended to be used as "an equitable remedy to prevent manifest injustice."[25] It would be unjust to not allow Plaintiff to reopen this case, and instead flounder with no open case and no active settlement.

In the present case, the plaintiff acted reasonably and diligently. If the dismissal is not set aside, Plaintiff will lose his right to seek redress from the court, and manifest injustice will result, as he will have no recourse—not via trial and not via settlement. This is a disproportionate punishment for a plaintiff who in good faith reached an agreement, filed a joint notice of settlement with the Court, and worked diligently for four months to facilitate settlement by all parties.

### IV. Conclusion

The court has the authority to set aside the dismissal and return the case to the active calendar and good cause has been shown here. Plaintiff respectfully requests this court grant his motion.

Dated: January 10, 2019　　　　　　　　CENTER FOR DISABILITY ACCESS

By: /s/ *Phyl Grace*
Phyl Grace
Attorney for Plaintiff

---

[24] *Pena v. Seguros Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).
[25] *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).